*778 OPINION.
Van Fossan :
At the hearing of these appeals counsel for respondent waived the jurisdictional questions raised by the answers and admitted the jurisdiction of this Board. There remain for our consideration only two issues: (1) The right of the petitioners to *779 affiliation in one group, and (2) the correct amount of depreciation allowable as a deduction.
The separate appeal of two of the petitioners, which is the minor ■ appeal under Docket No. 118, arises solely by virtue of the respondent’s denial of the right of all petitioners to affiliation. In the light of our conclusions upon the affiliation question, we deem it unnecessary to decide the issues raised by the separate appeal. Likewise, the issue relating to invested capital, raised by the pleadings, is disposed of by our decision of the affiliation issue, and need not be further considered.
The facts present a clear case of a group of corporations joined together for the more efficient conduct of a single business, each corporation being merely a unit in a greater whole, and all under the control and direction of a single head. The entire system is merely an expansion or enlargement of the one business, the Mortuary, which has, at all times, been owned and controlled by George W. Olinger, who was responsible for the creation of all the units in this system. • Substantially all of the stock of all the petitioners has at all times been owned or controlled by Olinger and he has dictated every policy and even the details in the operation of each of them. The petitioners fully meet the requirements of section 240(b) (2) of the Revenue Act of 1918.
The Mortuary, the Casket Factory, the Cemetery and the Railway are, therefore, deemed to have been affiliated corporations in 1918, and all five of the petitioners are deemed to have been affiliated corporations in 1919, within the meaning of the Act. It follows, therefore, that they are entitled, under section 240(a), to file consolidated returns for the respective years for income-tax purposes. See Appeal of Wright Cake Co., 2 B. T. A. 58; Appeal of Monroe Furniture Co., 2 B. T. A. 743; Appeal of Brannum Lumber Co., 2 B. T. A. 821; Appeal of Tri County Light & Power Co., 2 B. T. A. 1165; Appeal of Peru Chair Works, 3 B. T. A. 29; Appeal of West 28th Street Corporation, 4 B. T. A. 147; Appeal of Kolynos Co., 4 B. T. A. 520; Appeal of Star Porcelain Co., 4 B. T. A. 989.
The fact that two of the petitioners, the Cemetery and the Railway, might be entitled to affiliation as between themselves under section 240(b) (1) is not sufficient reason to deny them affiliation with the other petitioners when the requirements of section 240(b)(2) are, satisfied.
There are listed in the petitions certain assets of the Mortuary and the Cemetery on which it is alleged respondent has not allowed, sufficient depreciation. The method of computation employed by the respondent or the exact amounts allowed do not appear. The *780 petitions state only the total amount allowed. Of all the assets as to which petitioners seek an additional allowance for depreciation, evidence was submitted only as to four items. These items are the “equipment” and the “automobiles” of the Mortuary and the “ greenhouses ” and “ auto trucks ” of the Cemetery.
The record being silent on the point, we do not know whether the respondent used a composite rate of depreciation or made a definite computation as to each item, or group of items. If the latter, then the depreciation on the four items as to which proof was introduced should be recomputed in accordance with the findings of fact. If, however, a composite rate was used, or a lump sum allowed, there being evidence as to only part of the assets, it will be necessary to rule against the petitioners on this issue.

Judgment will be entered on 15 days’ notice, v/nder Rule 50.